# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## ORLANDO DIVISION

**DANIEL MARIN,**

Plaintiff,

**-vs-**                                                    **Case No. 6:04-cv-1738-Orl-22JGG**

**RANGER AMERICAN OF FLORIDA,**
**INC., W.B.E. OF FLORIDA, INC.,**
**RONALD L. BOWDEN,**

Defendants.

_____

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

Plaintiff Daniel Marin sued Defendants Ranger American of Florida, Inc., W.B.E. of Florida, Inc. And Ronald L. Bowden for violation of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 216(b) ("FLSA"), for allegedly failing to pay him overtime wages.  The parties verbally informed the Court of a settlement and, on February 3, 2006, the Honorable Anne C. Conway referred the matter to this Court for issuance of a Report and Recommendation as to whether the settlement is a fair and reasonable resolution of a bona fide dispute.  Docket No. 37.

In response to Judge Conway's order, the Court scheduled an evidentiary hearing and ordered Plaintiff's counsel to file a copy of the settlement agreement, and his detailed billing records.  Docket No. 38.  An evidentiary hearing was held on March 1, 2006, at which counsel for all parties appeared.

I.      **THE LAW**

A.      **Approval of Settlements**

Congress enacted the FLSA to protect workers from low wages and long hours that can result from the inequality in bargaining power between employers and employees.  The FLSA, therefore, provides that "[a]ny employer who violates the provisions of section 206 or 207 of this title shall be liable to the employee . . . affected in the amount of their unpaid minimum wages, or their unpaid overtime compensation, as the case may be. . . ." 29 U.S.C. §216(b).  The FLSA's provisions are mandatory and, except in two narrow circumstances generally are not subject to bargaining, waiver, or modification by contract or settlement.  *Brooklyn Sav. Bank v. O'Neil*, 324 U.S. 697, 706 (1945).  The two circumstances in which FLSA claims may be compromised are claims that are 1.) supervised by the Secretary of Labor pursuant to 29 U.S.C. § 216(c) and 2.) when a court reviews and approves a settlement in a private action for back wages under 29 U.S.C. § 216(b).  *Lynn's Food Stores, Inc. v. United States, U.S. Dep't of Labor*, 679 F.2d 1350, 1353 (11th Cir. 1982).

Before the Court may approve the settlement, it must scrutinize the settlement to determine whether it is a fair and reasonable resolution of a bona fide dispute.  *Id.* at 1354-55.  If a settlement in an employee FLSA suit reflects "a reasonable compromise over issues," such as FLSA coverage or computation of back wages that are "actually in dispute," the court may approve the settlement "in order to promote the policy of encouraging settlement of litigation." *Id*. at 1354.  Where the employer offers the plaintiff full compensation on his FLSA claim, no compromise is involved and judicial approval is not required.  *MacKenzie v. Kindred Hosp. East, L.L.C.*, 276 F. Supp. 2d 1211, 1217 (M.D. Fla. 2003).

In determining whether the settlement is a fair and reasonable resolution, the Court adopts the factors used in approving the settlement of class actions:

> (1) the existence of fraud or collusion behind the settlement; (2) the complexity, expense, and likely duration of the litigation; (3) the stage of the proceedings and the amount of discovery completed; (4) the probability of plaintiff's success on the merits; (5) the range of possible recovery; and (6) the opinions of the counsel.

*See Leverso v. SouthTrust Bank of Ala., Nat. Assoc.*, 18 F.3d 1527, 1531 n.6 (11th Cir. 1994). When considering these factors, the Court should keep in mind the "strong presumption" in favor of finding a settlement fair. *Cotton v. Hinton*, 559 F.2d 1326, 1331 (5th Cir.1977).  Moreover, the Court is aware, as the parties must also be, that a "settlement is a compromise, a yielding of the highest hopes in exchange for certainty and resolution." *In re Gen. Motors Corp. Pick-Up Truck Fuel Tank Prods. Liab. Litig.*, 55 F.3d 768, 806 (3d Cir.1995), *citing Cotton*, 559 F.2d at 1330.

## B.    Awards of Reasonable Attorneys' Fees and Costs

An award of "reasonable attorneys' fee[s] . . . and costs" is mandatory under § 216(b) if the employer is held liable.  Although the court is obligated to award the attorneys' fees, Congress's use of the word "reasonable" confers discretion upon the court to determine the amount of fees to be awarded.  In determining the reasonableness of attorneys' fees pursuant to a fee-shifting statute, the lodestar generally is recognized as a reasonable fee.  *City of Burlington v. Dague*, 505 U.S. 557, 562 (1992).[1]

---

[1] The lodestar is calculated by multiplying the number of hours reasonably expended by a reasonable hourly rate. A reasonable hourly rate is "the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation." *Norman v. Housing Auth. of City of Montgomery*, 836 F.2d 1292, 1299 (11th Cir.1988).

Even a contested request for attorneys' fees "should not result in a second major litigation." *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983). The party seeking attorneys' fees bears the initial burden of submitting adequate documentation of the hours reasonably expended and of the attorney's qualifications and skill. *See id.* at 433, 437. Further, fee counsel must "supply the court with specific and detailed evidence from which the court can determine the reasonable hourly rate." *Norman v. Housing Auth. of Montgomery*, 836 F.2d 1292, 1303 (11th Cir.1988). Satisfactory evidence of the prevailing market rate "at a minimum is more than the affidavit of the attorney performing the work," and must address rates actually billed and paid in similar lawsuits. *Id.* at 1299. Where the documentation is inadequate, the district court must still determine a reasonable fee, which it may do without further pleadings or an evidentiary hearing. *Id.* at 1303. This is because the court itself is an expert on the question and "may consider its own knowledge and experience concerning reasonable and proper fees and may form an independent judgment either with or without the aid of witnesses as to value." *Id.* (quoting *Campbell v. Green*, 112 F.2d 143, 144 (5th Cir. 1940)).

In collective FLSA actions, the court has a duty to determine the reasonableness of the proposed attorneys' fees as part of the fairness determination. *See, e.g., Strong v. BellSouth Telecomms., Inc.*, 137 F.3d 844, 849-50 (5th Cir. 1998). This makes sense, as most settlements of collective actions involve a lump sum settlement with an amount to be deducted for attorneys' fees. In such cases, it is necessary for the court to evaluate the overall fairness of the settlement and the benefit to the plaintiffs.

The FLSA does not require the court to assess the fairness of an agreed payment of attorneys' fees in settling an individual action. Indeed, the purpose of the fairness review is to ensure that an employer does not take advantage of an employee in settling his claim for wages, and not to ensure

-4-

that the employee does not overcharge the employer.  *See Lynn's Food Stores*, 679 F.2d at 1354.  In an individual FLSA claim, where separate amounts are set forth for the payments of unpaid wages and payments for attorneys fees, the Court has greater flexibility in exercising its discretion in determining the reasonableness of the attorneys' fee.  The Court takes judicial notice of Judge Conway's order in *Perez v. Nationwide Protective Services*, Case 6:05-cv-328-ORL-22JGG (October 31, 2005), where she ruled that "[t]he Court notes that it has an obligation to ascertain the reasonableness of any attorney fee award.  However, an in depth analysis is not necessary unless the unreasonableness is apparent from the face of the documents."

The award of costs is made in accordance with 28 U.S.C. § 1920.  *Goss v. Killian Oaks House of Learning*, 248 F. Supp. 2d 1162, 1169 (S.D. Fla. 2003).  In an FLSA action, it is error for a district court to award costs in excess of those permitted by § 1920.  *Glenn v. Gen. Motors Corp.*, 841 F.2d 1567 (11th Cir. 1988) (district court erred in awarding expert witness fees under §216(b) that exceeded the amount allowed by § 1920).  Likewise, a district court must identify reasons for denying costs to a prevailing party so that the appellate court has some basis to review whether the district court acted within its discretionary power. *Head v. Medford*, 62 F.3d 351, 354 (11th Cir. 1995).

## II.    APPLICATION

Plaintiff was employed by Defendants and claimed that he was not compensated at the rate of one and one-half times his regular hourly rate for hours worked in excess of 40 hours per week. Defendants deny these allegations.  The parties also contested the validity of a release previously signed by Marin.  The Court, therefore, finds there was a bona fide dispute as to liability.

Marin is to recover $6,000 in back pay and $6,000 in liquidated damages.  Defendants also are to pay Marin's counsel a total of $10,700 in attorneys' fees and costs.  In terms of fairness of the

settlement, each party was independently represented by counsel.   Counsel were obligated to vigorously represent their clients' rights.   Based on the amount to be paid to Plaintiff and the parties' conduct during the settlement conference, there is no suggestion of collusion.   The settlement is a fair and reasonable resolution of a bona fide dispute.

Defense counsel believes Plaintiff's attorneys' fees and costs appear reasonable and do not contest the amount of attorneys' fees or costs. The Court independently reviewed the billing statements of Plaintiff's counsel and agrees that the number of hours worked appears reasonable. Significant litigation occurred including Plaintiff's filing of a motion for partial summary judgement and filing a response to Defendants' motion for summary judgment.   As there is no unreasonableness apparent from the face of the documents, the Court did not conduct an in-depth analysis of the attorney's fees sought or determine the market rate for Plaintiff's counsel.

Therefore it is **RECOMMENDED** that

1.      The settlement reached by the parties be approved; and

2.      The parties be required to file a stipulation for dismissal no later than April 3, 2006. (According to the terms of the settlement, the agreement becomes effective on the eighth day following the signature by all parties.  The last signature occurred on March 1, 2006, so the agreement is not effective until March 9, 2006.  Payment is not due until the agreement is effective, and the agreement provides that the parties agree to file a request for dismissal only after receipt of payment.)

Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on March 2, 2006.

JAMES G. GLAZEBROOK
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

The Honorable Anne C. Conway
Counsel of Record
Courtroom Deputy